UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ASPEN INSURANCE UK LTD.

                Plaintiff,                              **COMPLAINT**

        -against-

BAYWATER DRILLING LLC

                Defendant.
-----------------------------------------------------------X

        Plaintiff, Aspen Insurance UK Ltd. ("Plaintiff" or "Aspen"), subscribing to excess marine liabilities policy, number CSUSA1904154 (the "Aspen Policy") by their attorneys, Clyde & Co US LLP, and for their Complaint for Declaratory Relief against the Defendant, Baywater Drilling LLC ("Baywater" or "Defendant"), allege as follows:

## JURISDICTION AND VENUE

        1.        Aspen seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57, Federal Rules of Civil Procedure, to determine their rights and liabilities with respect to a potential claim arising under an excess marine liabilities insurance contract, Policy No. CSUSA1904154 (the "Aspen Policy"). A copy of the Aspen Policy is attached as Exhibit 1.

        2.        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, on the basis that it is an action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

        3.        This Court has personal jurisdiction over Defendant pursuant to the choice of law provision in Section 3 Declarations, Item 12 of the Aspen Policy (*see* p. 39 of 79 on Ex. 1 attached), which is enforceable under New York General Obligations Law § 5-1401 (1).

4.  Venue is proper in this judicial district pursuant to New York General Obligations Law § 5-1402 (1) because New York law applies pursuant to New York General Obligations Law § 5-1401 (1) and because Defendant has agreed to New York jurisdiction pursuant to Section 3 Declarations, Item 12 of the Aspen Policy (*see* p. 39 of 79 on Ex. 1 attached).

5.  All of the requirements of New York General Obligations Law §§ 5-1401(1) and 5-1402(1) are met in this case.

## PARTIES

6.  Plaintiff Aspen issued the Aspen Policy, which provides, by its terms and as relevant here, excess marine liability coverage to the Defendant.

7.  Plaintiff Aspen is a corporation organized and existing under the laws of the United Kingdom.

8.  Upon information and belief, Defendant Baywater is a corporation organized and existing under the laws of Louisiana, which maintains its principal place of business in Houma, Louisiana.

## FACTUAL BACKGROUND

A.  The Underlying Losses

9.  Defendant Baywater is a contractor in the energy sector, providing services for the oil, gas, utility, and renewable energy industries, including oil drilling under contract. On March 10, 2020, Anthony Crofford ("Crofford") was killed while working in Texas on BW Rig 2, a drilling rig owned by Baywater operating on a well owned by Hilcorp Energy Company ("Hilcorp").

10. Crofford had been employed by Baywater since February 20, 2020, and he was serving on the night crew of BW Rig 2 (the "Rig") on the day of the accident.

11. On March 9, 2020, the night crew began lowering the drillstring into the hole (otherwise known as "tripping pipe") at approximately 10:30 p.m. CST. At approximately 12:30 a.m., a "measurement while drilling" tool, used to measure physical properties including pressure, temperature, and wellbore trajectory, malfunctioned.

12. As the crew could not troubleshoot the tool from the surface, they began retrieving the drillstring from the hole. On information and belief, Crofford volunteered to replace the derrickman for this operation.

13. With Crofford as the derrickman, the crew began removing pipe from the hole at approximately 3:00 a.m., removing sixty-eight pipe "stands" before the incident. The driller used the Rig's elevators to move pipe to Crofford to store during this procedure.

14. After releasing a pipe stand, which Crofford was to control with the use of a tail rope, the driller positioned the block to attach the next pipe stand when he observed that Crofford had lost control of the pipe. The pipe then fell under the top drive causing it to first bow from the device's weight, and then recoil, striking Crofford in the head. No crew members witnessed Crofford lose control of the pipe. Crofford was then lowered to the drilling floor, where EMS personnel on scene later pronounced him dead.

B. The Relevant Policies

15. Baywater's liability insurance coverage for the 2019-2020 policy year is written in two relevant layers: a $1,000,000 primary policy issued by Starr Indemnity & Liability Co ("Starr") and the Aspen Policy, which in relevant part, the umbrella policy, Section 3, insures a limit of $5,000,000 excess of $1,000,000.

16. The primary policy, Policy No. 100 0002090 issued by Starr (the "Primary Policy"), was in effect for the period of April 1, 2019 to April 1, 2020. The Primary Policy provided

coverage of $1,000,000 for workers' compensation and employer's liability. A copy of the Primary Policy is attached as Exhibit 2.

17. The Aspen Policy provides coverage in respect of losses occurring between July 8, 2019 to July 8, 2020. The Aspen Policy umbrella coverage (Section 3) is subject to a limit of $5,000,000 for "any one occurrence," excess of underlying primary coverage of $1,000,000, with a $50,000 self-insured retention for any one occurrence. Baywater is seeking coverage for the claims arising from Mr. Crofford's death under the Aspen Policy umbrella coverage.

C. <u>The Litigation Commenced by Crofford's Representatives Against Baywater</u>

18. On March 1, 2021, Crofford's representatives (the "Crofford Representatives") filed suit in Harris County, Texas 80th Judicial District (Cause No. 2021-11752) asserting negligence, gross negligence, wrongful death, and a survival claim against Baywater and Hilcorp. As to Hilcorp, the Crofford Representatives argue that Hilcorp exercised and retained control over the manner of Baywater's work and had actual knowledge of the dangerous condition which caused Crofford's death but failed to eliminate or adequately warn of the condition. A jury trial is scheduled for May 2023 before Judge Jeralynn Manor.

19. On September 16, 2022, the Crofford Representatives sent a demand letter under Texas law to Mr. Cade W. White, defense counsel for Baywater, and Mr. John M. Ribartis, recently appointed counsel for Hilcorp. The demand letter did not seek compensatory damages, which are precluded under Texas Workers' Compensation law, but only exemplary or punitive damages, which are permitted in certain specified circumstances under Texas law. Specifically, Texas law permits exemplary damage awards in cases where a deceased employee's "death was caused by an intentional act or omission of the employer or by the employer's gross negligence."[1] Exemplary

---

[1] Texas Workers' Compensation Act § 408.001.

4

damages in such cases are limited to two times economic loss plus a noneconomic amount determined by the jury, not to exceed $750,000. Tex. Civ. Prac. & Rem. Code Ann. § 41.008. Based on that formula, and allegations of Baywater's gross negligence, the Crofford Representatives demanded payment of exemplary damages of $4,176,440.00, in exchange for a full and final release of all claims against Baywater. Further, they made a demand of $1,300,000 to Hilcorp, contingent on Baywater also settling with the Crofford Representatives.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint with the same force and effect as if more fully set forth herein.

21. The Aspen Policy's umbrella coverage, under which Baywater's claim is made, contains a choice of law and jurisdiction provision mandating that New York jurisdiction is applicable to the Policy. (*See* Declaration Item 12, p. 39 of 79 of Ex. 1)

22. The Policy's New York law and jurisdiction clause is enforceable pursuant to New York General Obligations Law § 5-1402 (1) and § 5-1401 (1), all of whose requirements are met in this case.

23. Section 5-1402 applies to liability insurance policies so long as the policy exceeds the statute's monetary thresholds. *See Berkley Assurance Co. v. MacDonald-Miller Facility Sols., Inc.*, No. 19-CV-7627 (JPO), 2019 WL 6841419 (S.D.N.Y. Dec. 16, 2019).

24. The Aspen Policy provides Baywater $5,000,000 of umbrella coverage, above the $1,000,000 threshold in § 5-1402(1). Further, the Crofford Representatives' claims exceed the § 5-1401(1) monetary threshold of $250,000.

25. New York is the proper jurisdiction pursuant to Section 3, Declaration Item 12 of the Aspen Policy to adjudicate the subject claims regarding coverage under the Aspen Policy, and to all matters arising from or related to the Policy.

26. New York law applies to the interpretation and performance of the Aspen Policy and to all matters arising from or related to the Policy, pursuant to the choice of law provision in Section 3, Declaration Item 12 of the Aspen Policy.

27. Under New York law, Baywater's claims arising from Mr. Crofford's death are not covered by the Aspen Policy umbrella coverage.

28. The Crofford Representatives filed suit against Baywater, asserting negligence, gross negligence, wrongful death, and a survival claim. Under Texas law, the plaintiff's negligence cause of action against Baywater is barred under the Texas Workers' Compensation Act which affords qualified immunity to an employer who provides its employees with workers' compensation insurance. *See* Texas Workers' Compensation Act § 408.001. In addition to workers' compensation benefits, the Act only permits recovery of exemplary (punitive) damages by the surviving spouse or heirs of a deceased employee in cases where the employee's "death was caused by an intentional act or omission of the employer or by the employer's gross negligence." *Id*. The Texas Civil Practice and Remedies Code defines "exemplary damages" as "any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages are neither economic nor non-economic damages. Exemplary damages includes punitive damages." § 41.001. Thus, the damages sought by the estate and survivors of Mr. Crofford are expressly and solely exemplary (or punitive) under Texas law.

29. As the Texas Workers' Compensation Act, sec. 408.001 limits the Crofford Representatives to only seeking exemplary damages, any potential award against Baywater would be strictly punitive in nature.

30. Under New York law, public policy precludes insurance coverage for punitive damage awards, whether the damages are based on intentional actions, or on actions which, while not intentional, amount to gross negligence, recklessness, wantonness, conscious disregard of rights of others, or for conduct so reckless as to amount to such disregard. *See Home Ins. Co. v. American Home Products Corp.*, 75 N.Y. 2nd 196 (1990); *Massena v. Healthcare Underwriters Mut. Ins. Co.*, 281 A.D.2d 107, 724 N.Y.S.2d 107 (3d Dep't 2001).

31. Public policy precludes a liability insurer from indemnifying punitive damages awarded against an insured as they are intended to punish a defendant and deter others. New York courts reason that this public policy would be frustrated by passing the burden of payment on to the insurer. *Padavan v. Clemente*, 43 A.D.2d 729, 350 N.Y.S.2d 694 (2d Dep't 1973).

32. Based on the foregoing, a real, actual, substantial, and justiciable controversy exists between Aspen Underwriters and Defendant as to whether the Aspen Policy affords any coverage in respect of the claims against Baywater by the Crofford Representatives.

33. Plaintiff is entitled to a judicial declaration of no coverage for Baywater's claims arising from Mr. Crofford's death under the Aspen Policy pursuant to the applicable New York law.

WHEREFORE, Aspen respectfully requests this Honorable Court enter a judgment against Defendant declaring that:

(1)      The Aspen Policy provides no coverage for Baywater's claims arising from Mr. Crofford's death, as New York law precludes liability insurance indemnification for punitive damages.

Plaintiff further respectfully requests that this Honorable Court grant Plaintiff Aspen such other and further relief as is just in the premises.

Dated: New York, New York
       January 12, 2023

                                                                 CLYDE & CO US LLP
                                                                 Attorneys for Plaintiff

                                                             By: _____
                                                                      John M. Woods
                                                                 The Chrysler Building
                                                                 405 Lexington Avenue, 16th Floor
                                                                 New York, New York 10174
                                                                 Tel: (212) 710-3900
                                                                 Fax: (212) 710-3950
                                                                 Email: john.woods@clydeco.us